UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLEET ENGINEERS, INC.,                )
                    Plaintiff,        )
                                      )        No. 1:12-cv-1143
-v-                                   )
                                      )        Honorable Paul L. Maloney
MUDGUARD TECHNOLOGIES, LLC and        )
TARUN SURTI,                          )
                    Defendants.       )
_____)

## ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS, GRANTING IN PART PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT AND DENYING DEFENDANT'S MOTION FOR ORDER

Three motions are pending in this lawsuit.  Plaintiff Fleet Engineers filed a motion for voluntary dismissal of count 3 against Defendant Tarun Surti.  (ECF No. 243.)  Fleet also filed a motion for entry of judgment.  (ECF No. 248.)  Finally, Defendant Surti filed a motion requesting the Court issue an order prohibiting Plaintiff from making misleading public statements.  (ECF No. 254.)

## I.

This lawsuit was filed after the business arrangement between two parties soured. Surti owns a patent for a mudflap.  Surti is an officer of Defendant Mudguard Technologies. Mudguard entered into a distribution agreement with Fleet to distribute Surti's mudflap.  The agreement fell apart, and the parties went their separate ways.  Subsequently, Fleet began marketing its own mudflap.  Fleet then filed this lawsuit seeking a declaration that its mudflap did not infringe on Surti's patent, and that Surti's patent was invalid.  Fleet also alleged that Defendants had interfered with various business relationships.       Defendants filed

counterclaims for patent infringement, breach of contract, and misappropriate of trade secrets.

Because this lawsuit involved patent claims, the parties submitted claim construction briefs.  A hearing was held.  And, the Court issued a claim construction opinion.  (ECF No. 60.)

Soon thereafter, the Court entered default against Defendant Mudguard.  (ECF No. 70.)  As a corporation, Mudguard must be represented by counsel.  Mudguard's attorney requested leave to withdraw, which this Court granted.  Mudguard was warned several times that it needed to have new counsel file an appearance and the deadline for the appearance was extended more than once before default entered.

Fleet sought and was granted leave to file an amended complaint, which is the controlling pleading.  (ECF No. 99.)  Fleet did not add any additional claims.  Surti filed amended counterclaims, but did not add any new claims.  (ECF No. 115.)

On June 8, 2017, this Court resolved cross motions for summary judgment, granting in part Fleet's motion and granting in part Surti's motion.  (ECF No. 236.)  Fleet prevailed on its request for a declaration that its mudflap did not infringe on Surti's patent and also prevailed on Surti's counterclaims for breach of contract and misappropriation of trade secrets.  (*Id.* PageID.2838.)  Surti prevailed against Fleet's claim that Surti's patent was invalid. (*Id.*)

The only remaining claim is Fleet's tortious interference with a business relationship claim against Surti.  Although that claim was also brought against Mudguard, it has been defaulted.

## II.

### A.  Plaintiff Fleet's Motion to Dismiss Count 3 (ECF No. 243)

Fleet requests the Court dismiss, without prejudice, its tortious interference claim against Surti.  Fleet relies on Rule 41(a)(2).  Surti opposes the dismissal without prejudice. (ECF No. 252 ¶ 5 PageID.3013.)

The decision to permit voluntary dismissal under Rule 41(a)(2) falls within the discretion of the trial court.  *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 953 (6th Cir. 2009).  Rule 41(a)(2) protects the non-moving party, the defendant, from unfair treatment.  *Id.*  A dismissal without prejudice should not be granted if the defendant would suffer from "plain legal prejudice," "as opposed to facing the mere prospect of a second lawsuit." *Id.* (citation omitted).  Courts may take into consideration the defendant's efforts and expenses in preparing for trial, excessive delay and lack of diligence on the part of the plaintiff, failure to explain the need for the dismissal, and whether a motion for summary judgment has been filed by the defendant.  *Id.*; *Malibu Media, LLC v. Ricupero*, 705 F. App'x 402, 407 (6th Cir. 2017) (same).

The Court will grant Fleet's motion to voluntarily dismiss the tortious interference claim against Surti, without prejudice and without costs to either party.  All of the factors identified in *Bridgeport Music* and *Malibu Media* weigh in favor of granting the motion. Surti asserted only a perfunctory response.  Surti did not appear for the final pretrial conference, which was held after this motion was filed.  (ECF No. 246.)  Because he failed to appear, the Court cancelled the trial, which was scheduled to begin approximately two

weeks later. The record shows that Fleet has diligently pursued its claims. Fleet has articulated a sufficient reason for the dismissal. There are no pending dispositive motions.

Therefore, Fleet Engineer's motion for voluntary dismissal of Count 3 against Surti (ECF No. 243) is **GRANTED.** Fleet Engineer's claim for tortious interference against Defendant Tarun Surti is **DISMISSED WITHOUT PREJUDICE.**

### B. Plaintiff Fleet's Motion for Entry of Judgment (ECF No. 248)

Relying on Rule 54 of the Federal Rules of Civil Procedure, Fleet requests the Court (1) enter final judgment against Mudguard on count 3 (tortious interference) and against Surti on count 1 (non-infringement); (2) enter final judgment against Surti and Mudguard on all of the counterclaims (patent infringement, breach of contract and misappropriation of trade secrets); (3) enter a money judgment against Mudguard on count 3 (tortious interference) for $195,523.58; and (4) dismiss, without prejudice, count 2 (patent invalidity) against Surti. Surti opposes all of these requests. (ECF No. 252.)

Rule 54(b) is "designed to facilitate the entry of judgment on one or more claims, or as to one or more parties, in a multi-claim/multi-party action." *Corrosioneering, Inc. v Thyssen Envt'l Sys., Inc.*, 807 F.2d1279, 1282 (6th Cir. 1986). Under Rule 54, a district court exercises its discretion to release for appeal, final decisions on one or more, but fewer than all, of the claims. *Id.* (citation omitted).

As to Defendant Tarun Surti, the Court agrees with Fleet that some of the relief it seeks is appropriate to resolve through a final order under Rule 54(b), for the claims and counterclaims that were resolved through the cross motions for summary judgment. Consistent with the Opinion and Order granting in part both parties' motions for summary

judgment (ECF No. 236), the Court will (1) declare that Fleet's mudflap does not violate Surti's patent (count 1); and (2) dismiss all three counterclaims brought by Surti (infringement, breach of contract, and misappropriation of trade secrets).

Fleet's request that its Count 2 be dismissed without prejudice will be denied. That claim was resolved against Fleet as part of the cross motions for summary judgment. The Court found, as a matter of law, that the patent was not invalid. In the final order, the Court will dismiss Fleet's patent invalidity claim against Surti, but the claim will be dismissed with prejudice.

As to Defendant Mudguard, the Court agrees with Fleet that the counterclaims should be dismissed with prejudice. Default was entered against Mudguard after it failed to have an attorney file an appearance and after several warnings from the Court. Because Mudguard failed to prosecute its counterclaims, dismissal of those claims with prejudice is appropriate under Rule 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-33 (1962).

The Court will also grant Fleet's request for a money judgment against Mudguard for its tortious interference with a business relationship claim. The portion of Fleet's motion is appropriate under Rule 55(b)(2). Mudguard made an appearance, and was later defaulted. Fleet has supported its request for damages with an expert report from Philip Kline. No counterevidence has been presented. Surti submitted his own report on Mudguard's behalf. Fleet filed a *Daubert* motion to strike Surti's report, which the Court granted (ECF No. 232). In his response to this motion, Surti identifies a number of alleged flaws with Mr. Kline's assumptions and calculations. As this Court has informed Surti on multiple occasions, corporations must be represented by counsel. Surti cannot litigate on Mudguard's behalf.

Kline's report, and Fleet's request for a money judgment, have been filed for months, and no attorney has appeared on Mudguard's behalf to respond.  A hearing on the matter would be a waste of time and resources.  Fleet Engineers is entitled to a judgement against Mudguard Technologies, LLC on the tortious interference with a business relationship for $195,523.58.

Accordingly, Fleet Engineer's motion for entry of judgment (ECF No. 248) is **GRANTED IN PART.**   The Court **DECLARES** that Fleet's AeroFlap mudflap, as presented to this Court, does not infringe on Tarun Surti's 8,146,949 patent for a mudflap. The three counterclaims brought by Surti and Mudguard against Fleet are **DISMISSED WITH PREJUDICE.**  Fleet Engineer's Count 2, its claim for patent invalidity against Surti's patent is **DISMISSED WITH PREJUDICE.**   Fleet Engineer's Count 3, its tortious interference claim against Defendant Mudguard Technologies is **GRANTED** and the Court **AWARDS A MONEY JUDGMENT** in Fleet's favor against Mudguard for $195,523.58.

### C.  Defendant Surti's Motion for a Court Order (ECF No. 254)

Surti requests the Court issue an order stopping Fleet from making misleading public announcements concerning the Court's earlier Opinion and Order resolving the cross motions for summary judgment.

Surti is not entitled to the relief he seeks.  The Court has reviewed the allegedly misleading public announcement, which were attached to Surti's motion.  It is not clear from Surti's motion what portion of the announcement he believes is misleading.  In addition, Surti has not identified any authority under which the Court might grant him the relief he seeks.

For these reasons, Surti's motion for a court order (ECF No. 254) is **DENIED.**

**IT IS SO ORDERED.**

Date:  March 30, 2018                                    /s/ Paul L. Maloney
                                                        Paul L. Maloney
                                                        United States District Judge