UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLEET ENGINEERS, INC.,                              )
                                    Plaintiff,       )
                                                     )       No. 1:12-cv-1143
-v-                                                  )
                                                     )       Honorable Paul L. Maloney
MUDGUARD TECHNOLOGIES, LLC                           )
and TARUN SURTI ,                                    )
                                    Defendants.       )
                                                     )

## ORDER CLARIFYING PATENT CLAIMS IN DISPUTE

This matter comes back to the Court on remand from the Federal Circuit Court.  In its Opinion, the Federal Circuit ordered this Court to determine which patent claims are in dispute.  Plaintiff Fleet Engineers filed a motion to establish the patent claims.  (ECF No. 285.)  Defendant Tarun Surti filed a motion asking for expeditious resolution of the matter.[1]  (ECF No. 298.)

Fleet Engineers filed the lawsuit seeking a declaration of non-infringement.  Through counsel, Surti filed a counterclaim asserting that Fleet Engineers infringed his patent.  The Court issued a Case Management Order (CMO) establishing deadlines for the claim construction issues, which included a requirement that the parties collaborate on creating and filing a comprehensive chart identifying, among other things, "all claims of each patent-in-suit that plaintiff will contend at trial has been infringed[.]"  (ECF No. 13 CMO ¶ 3.c.

---

[1]     The Court appreciates Surti's request that the matter be resolved expeditiously.  Most litigants in this District are aware that the Court lost to retirement two senior status judges and one district judge in the past three years.  The three remaining district judges are diligently working to address all matters that are brought to the bench.

PageID.124.)    The CMO further stated that the parties "may amend or modify the disclosures in the chart for good cause shown." (*Id.*)   Unless the disclosures in the claim construction process were later amended, the parties "shall be bound at trial by their disclosures." (*Id.* ¶ 3.d. PageID.124.)

When Fleet Engineers filed this lawsuit, Surti had a patent on a mud flap, Patent No. '949.  On February 11, 2014, Surti obtained a reissue patent for his mud flap.  The reissue patent ('755) contains twenty-five claims.  The first seventeen claims are the same as the claims in the '949 patent.  The reissue patent includes an additional eight claims, Claim 18-25.  Surti filed his statement of claims on April 1, 2013, before the reissue patent issued. (ECF No. 20.) The parties filed their joint statement of claims and defenses on June 17, 2013, before the reissue patent issued.  (ECF No. 27.)  Obviously, neither Surti's statement of claims nor the joint chart identifies Claim 19 as a patent claim in dispute.

Surti's second amended counterclaim constitutes the controlling pleading for Surti's claim for infringement.  (ECF No. 115.)  When the second amended counterclaim was filed, Surti was represented by counsel, albeit different counsel from when the lawsuit started.  The second amended counterclaim alleges that Fleet Engineers infringed the reissue patent.  (*Id.* PageID.941.)  The second amended counterclaim does not identify which patent claims were infringed.

The parties filed cross motions for summary judgment.  In its motion for summary judgment, Fleet Engineers argued that the disputed patent claims were 1,2, 5, 8, 9, and 13 of the reissue patent, '757.  (ECF No. 187-1 Pl. Br. PageID.1861.)  Fleet Engineers explained that "Surti and Mudguard never supplemented their claim assertion with any additional or

fewer claims." (*Id.*)  Now proceeding without the benefit of counsel, in his own motion, Surti asserted that Fleet Engineer's mud flap infringed both Claim 1 and Claim 19 of the reissue patent.  (ECF No. 192 Def. Br. at 13-17 PageID.2032-36.)  Fairly characterized, these pages largely contain pictures and quotes from the reissue patent.  Surti makes references to the infringement of Claim 19 in his declaration (ECF No. 193 ¶ 43 PageID.2053-54) and in his response to Fleet Engineers' motion (ECF No. 199 PageID.2415).

The patent claims in this dispute are Claims 1,2, 5, 8, 9, and 13 of the reissue patent, '757.  Claim 19 of the reissue patent is not in dispute.  The CMO required the parties to identify the disputed claims, which they did.  Claim 19 was not included; at the time Claim 19 did not exist. The CMO provides a mechanism for amending the claims in dispute.  Surti has never requested leave to amend the claim construction issues.  Surti's attempt to bring Claim 19 into the dispute through his motion for summary judgment and his response to Fleet Engineers' motion is improper.

The Federal Circuit noted that courts are supposed liberally construe pleading filed by pro se parties (ECF No. 278 Opinion at 8 PageID.3349), a statement which Surti relied upon in his response to Fleet Engineers' motion to clarify (ECF No. 296 at 2 PageID.3450). The liberal pleadings standard, however, has limits.  The United States Supreme Court has cautioned that the rule does not relieve a pro se litigant of the obligation to follow a court's procedural rules:

> we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. As we have noted before, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."

*McNeil v. United States*, 508 U.S. 106, 113 (1993) (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980). "[T]he lenient treatment generally accorded to pro se litigants has limits," *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996), and pro se parties must "follow the same rules of procedure that govern other litigants," *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). *Accord Arunachalam v. Apple, Inc.*, —F. App'x—, 2020 WL 729658, at *2 (Fed. Cir. Feb. 13, 2020) ("Dr. Arunachalam, though pro se, is required to follow the Federal Rules of Civil Procedure the same as every other party that litigates in federal court.").  The CMO issued in this lawsuit set forth a mechanism and a requirement for amending the patent claims in dispute.  Surti has not followed the procedural mechanism for amending the claims in dispute.

Accordingly, Fleet Engineers' motion to establish claims in dispute (ECF No. 285) is **GRANTED.**  Having granted the motion, Surti's motion to resolve the matter expeditiously (ECF No. 298) is **DISMISSED AS MOOT.**

**IT IS SO ORDERED.**

Date:  March 25, 2020                         /s/ Paul L. Maloney
                                                          Paul L. Maloney
                                                          United States District Judge