UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| FLEET ENGINEERS, INC.,                                )<br>                    Plaintiff,             )<br>                                                            )         No. 1:12-cv-1143<br>-v-                                                       )<br>                                                            )         Honorable Paul L. Maloney<br>MUDGUARD TECHNOLOGIES, LLC and  )<br>TARUN SURTI,                                        )<br>                    Defendant.           )<br>                                                            ) | |

## ORDER

The disputes remaining in this lawsuit concern Defendant Tarun Surti's counterclaims for patent infringement. In this order, the Court addresses two pending motions and a third request for Court action contained in a document filed as a response to an order. (ECF Nos. 300, 306 and 309.)

### I.

Some background is necessary. In June 2017, this Court resolved cross motions for summary judgment, granting in part Plaintiff Fleet Engineer's motion for summary judgment. (ECF No. 236.) The Court found that Plaintiff's mudflap, the AeroFlap, did not infringe Surti's patent. After judgment entered, Surti filed an appeal. In February 2019, the Federal Circuit Court of Appeals reversed the part of this Court's opinion finding no infringement. *Fleet Eng'rs, Inc. v. Mudguard Techs., LLC*, 761 F. App'x 989 (Fed. Cir. 2019).

> In granting summary judgment, the district court determined that the AeroFlap does not contain three limitations of the RE '755 patent claims. First, the district court held that the AeroFlap does not have the claimed "vanes" because the channels are formed from depressions in the surface of its mudflap, rather than from vanes that protrude from the surface. Second, it

> held that these depressions in the AeroFlap do not prevent water and debris from passing through slotted openings. Third, to the extent the AeroFlap has the claimed "vanes," "channels," or "slotted openings," it held that they are not "vertically extending." The district court's analysis of these limitations was erroneous.

*Id.* at 992. After finding no error in the manner in which this Court construed the term "vanes," the Federal Circuit explained the errors.

> We agree with Mr. Surti, however, that a genuine issue of material fact exists as to whether the AeroFlap has the claimed vanes. The district court based its conclusion that the AeroFlap does not have "vanes" on the fact that its channels are created from depressions in the front surface of the mud flap, rather than structures that protrude from a surface. Though AeroFlap's vanes are flush with the front surface of the mud flap, a reasonable jury could conclude that the protrude from the rear wall of the channels. The construction of the vanes does not require that the vanes protrude from all other surfaces on the mud flap. Moreover, in making its determination that the accused mud flap does not have vanes, the district court at times compared the accused product to Mr. Surti's commercial embodiment (V-Flap) rather than the claim limitations. The district court's analysis of whether AeroFlap's "depressions" performed the claimed functions of the "channels" also focused on a comparison of the accused product to Mr. Surti's V-Flap. "[I]nfringement is determined on the basis of the claims, not on the basis of a comparison with the patentee's commercial embodiment of the claimed invention." *Int'l Visual Corp. v. Crown Metal Mfg. Co.*, 991 F.2d 768, 772 (Fed. Cir. 1993) (quoting *ACS Hosp. Sys., Inc. v. Montefiore Hosp.*, 732 F.2d 1572, 1578 (Fed. Cir. 1984)). On remand, the district court should assess infringement by comparing the accused products to the invention as claimed, not to Mr. Surti's product.
> 
> We also agree with Mr. Surti that there was a genuine issue of fact which precluded summary judgment as to the "vertically extending" limitation. Mr. Surti argues that AeroFlap's lower section has "vertically extending" channels and slotted openings. While the district court relied on the fact that "[t]he majority of the structures on Fleet's mud flap are at a 45 degree angle." It is undisputed that two out of three of the accused products identified as part of No. 033-08002 and 033-08004, also have vertically extending channels and slotted openings at the bottom. During claim construction, the parties disputed whether the term "vertically extending vanes defining a plurality of vertically extending channels" requires the channels to extend the length of the mud flap without interruption. The district court concluded that it does not, as there is "no length requirement for either the vane or the channel."

> According to this construction, the vertical extensions do not have to span the entire mud flap in order for infringement to exist. As the claims at issue are open-ended "comprising" claims, the presence of unclaimed elements (such as vanes or channels at an angle) does not necessarily negate infringement. We conclude that a reasonable jury could find the presence of *some* channels that are vertically extending across the bottom of the AeroFlap may satisfy this limitation.

*Id.* at 992-93 (italics in original; citations to and quotations from the district court opinion omitted).

In addition to erring in the analysis of the claim limitations in the patent, the Federal Circuit noted confusion between this Court and the parties as to what claims are at issue. *Id.* at 993. When Surti filed this lawsuit and the Court conducted the claims construction phase of patent litigation, the Court and the parties addressed the claims in the original patent '949. Since then, Surti obtained a reissue patent, '755, that contains additional claims. In Plaintiff's brief supporting its motion for summary judgment, it argued that the additional claims in the reissue patent '755 were not part of this litigation. (ECF No. 226 at 16 PageID.2627.) In his brief, Surti requested summary judgment for claims 1 and 19, the latter did not appear in the original patent and only appears in the reissue patent. (ECF no. 192 at 15 PageID.2034.) In resolving the cross motions, the Court did not address Plaintiff's argument that only the claims that were part of the original '949 patent were in dispute. The Court did, however, reference language appearing in the added claims when discussing claim language.

Following the Federal Circuit's opinion, in May 2019, this Court ordered (ECF No. 284) Plaintiff to file a motion to clarify the patent claims in dispute, which it did in June 2019 (ECF No. 285). After Surti filed his response in August 2019, the Court issued an order in March 2020 identifying the patent claims in this lawsuit. (ECF No. 299.) In short, when the

parties identified the claims in dispute early in this litigation, Surti had not obtained the reissue patent and none of the added claims in the reissue patent existed. The Court's case management order set forth procedures for amending the claims in dispute. Surti never filed any motion to amend the claims at issue in this lawsuit. The Court concluded that only the claims that were included in both the original patent and the reissue patent, the claims identified early in this lawsuit by both parties, are the claims in dispute.

II.

With this background, the Court turns to Defendant Surti's requests for Court action.

A. Motion for Summary Judgment (ECF No. 300)

Surti requests summary judgment on his patent infringement claims for claims 1, 2, 5, 8, 9, and 13. Surti reserves the right to appeal this Court's exclusion of the new claims in the reissue patent.

The Court will deny Surti's motion. The earlier opinion and order which was appealed resolved cross motions for summary judgment. For the patent infringement claims, this Court granted Plaintiff's motion and denied Surti's motion. On appeal, the Federal Circuit identified this Court's errors and concluded that genuine issues of material fact exist for whether (1) the AeroFlap has "vanes" and (2) lower section of some AeroFlap commercial embodiments infringe on the "vertically extending" limitation. Because a genuine issue of material fact exists for those two issues, this Court erred said the Circuit in granting Plaintiff summary judgment. Those same genuine issues of material fact now preclude this Court from granting Surti summary judgment on those issues. Because a genuine issue of material fact exists, neither party is entitled to summary judgment on the

issues of whether (1) the AeroFlap has vanes and (2) the lower section of some AeroFlaps infringe on the vertically extending limitation. *See* Fed. R. Civ. P 56(a).

The Court concludes a genuine dispute of material fact also exists for the other error identified by the Federal Circuit, whether the AeroFlap's "depressions" perform the same function as the "channels" in Surti's patent. In the earlier opinion, this Court found that, without vanes, the AeroFlap could not have channels. (ECF No. 236 at 23 PageID.2836.) Were Surti to establish at trial that Plaintiff's AeroFlap has vanes, then the AeroFlap might also have channels. The genuine issue of material fact for the existence of vanes identified by the Federal Circuit therefore also creates a similar dispute for the existence of channels in Plaintiff's AeroFlap. In its reply brief for its earlier motion for summary judgment, Plaintiff included external evidence which disputed whether the depressions in the AeroFlap performed the same function as the channels in the patent. (ECF No. 203 at 6-8 PageID.2517-19.) That question also remains.

Accordingly, the Court will deny Surti's motion for summary judgment. (ECF No. 300.) With this conclusion, the Court need not resolve Plaintiff's argument that the motion was improper and filed in violation of the Court's scheduling orders.

### B.  Motion to Expedite (ECF No. 309)

The Court appreciates Surti's desire to have these disputes resolved in a timely manner. As the Court explained in an earlier motion to expedite, over the past several years, this District lost an active judge; one senior-status judge to retirement, and one senior judge withdrew from the case draw, which increased the caseload for the remaining three judges. The added burden on the active judges affected many of the cases pending in the Western

District of Michigan, including this one. Only recently did the Senate confirm the individual nominated to the bench. That said, the Local Rules identify the proper basis for requesting expedited resolution of a pending motion. *See* W.D. Mich. LCivR 7.1(e). Because the Court has resolved Surti's motion for summary judgment, his motion to expedite will be dismissed as moot.

### C. Motion for Reconsideration

After this Court issued the Order Clarifying Patent Claims In Dispute (ECF No. 299), Surti filed a response (ECF No. 306). The document has not been filed or docketed as a motion. Surti does, however, request Court action in the document. The Court interprets the document as a motion for reconsideration.

Under the Local Rule of Civil Procedure for the Western District of Michigan, a court may grant a motion for reconsideration when the moving party demonstrates both a "palpable defect" by which the Court and parties have been misled and a showing that a different disposition of the case must result from the correction of the mistake. W.D. Mich. LCivR 7.4(a). The decision to grant or deny a motion for reconsideration under this Local Rule falls within the district court's discretion. *See Evanston Ins. Co. v. Cogswell Props., LLC*, 683 F.3d 684, 691 (6th Cir. 2012) (citation omitted). The palpable defect standard does not expand the authority of the district court to reconsider an earlier order; it is merely consistent with a district court's inherent authority. *See Tiedel v. Northwestern Michigan Coll.*, 865 F.2d 88, 91 (6th Cir. 1988). The Sixth Circuit has held that "'[d]istrict courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of final judgment" *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008) (quoting *Mallory v.*

*Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991). A party seeking reconsideration of an interlocutory order must show (1) an intervening change in the controlling law, (2) new evidence previously not available, or (3) a need to correct error to prevent manifest injustice. *Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (citing *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F.App'x 949, 959 (6th Cir. 2004)).

Surti has not identified a palpable defect, a change in the law, new evidence, or a need to prevent manifest injustice. The circuit court noted that this Court and the parties were confused about what claims were in dispute. The circuit court was correct. After reviewing the record, this Court concluded that only the claims that were part of the original patent '949 that were contained in the reissue patent '755 were in dispute. (ECF No. 299.) The Court explained that when the parties identified the claims in dispute early in this litigation, the added claims in the reissue patent did not exist. The case management order provided a mechanism for amending the claims in dispute. Surti never requested leave to amend those claims. Surti's pro se status does not relieve him of the responsibility to follow the procedural rules. Referring to a claim not previously identified (Claim 19) in his motion for summary judgment does not put that claim into play in this lawsuit. The Court will deny Surti's motion for reconsideration.

8

For these reasons, the Court **DENIES** (1) Surti's motion for summary judgment (ECF No. 300) and his motion for reconsideration (ECF No. 306). The Court **DISMISSES** as moot Surti's motion for expedited consideration. (ECF No. 309).

**IT IS SO ORDERED.**

Date:  February 25, 2021                                        /s/ Paul L. Maloney
                                                                Paul L. Maloney
                                                                United States District Judge