FILED - KZ
March 25, 2021 4:05 PM
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
ems Scanned by EMS 3/25

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF
MICHIGAN

| | |
|---|---|
| **FLEET ENGINEERS, INC.** a Michigan Corporation, Plaintiff v. **MUDGUARD TECHNOLOGIES, LLC** a Tennessee limited liability company, **TARUN SURTI** an Individual, Defendant. | Case No. 1:12-CV-1143 Hon. Paul L. Maloney **EXPEDITED CONSIDERATION REQUESTED** |

## DEFENDANT'S MOTION TO CHALLENGE THIS COURT'S JUDGMENT IN THE US COURT OF APPEALS FOR THE FEDERAL CIRCUIT WITH EXPEDITED CONSIDERATION REQUESTED

### INTRODUCTION

Defendants hereby moves this District Court to allow its filing to Challenge this Court judgment (ECF No. 215) in the US Court of Appeals for the Federal Circuit.

The Court's denial of Surti's Motion for Summary Judgment is a judicial error driven by the Court's inability to understand the complex issues of material facts. Therefore Defendant believes that only Federal Circuit has authority and ability to decide these complex issues of material facts.

As there should have remained no genuine issues of material facts, Defendant Surti filed a "Motion for Summary Judgement" and requested this Court to decide second part of remand, the infringement of Claims 1, 2, 5, 8, 9, and 13 of the reissue patent '755, without claim 19. (ECF No. 300).

However, the District Court failed to understand Surti's pleadings (ECF No. 191 and 300),

therefore, denied Surti's motion for summary judgment. ECF No. 315.

It is obvious that the Court is still confused about "genuine issues of material facts".

The Plaintiff has successfully confused a very intelligent and Honorable District Court Judge Paul L. Maloney. The confusion is mainly the result of the misconduct by The Plaintiff, Plaintiff's attorneys and Plaintiff Expert (Collectively "Team"). The Team is not truthful and has been lying under oath, continuously committing perjury.

Therefore, it appears that the Federal Circuit is the only authority that has the ability to decide such complex issues, using the undisputable intrinsic evidences submitted by Surti (ECF No. 193 part of 191 and ECF No. 301 part of 300), whether Plaintiff AeroFlap has (1) Vanes that protrude, (2) Recesses that first stops and then **traps** water and debris and force them in downward direction towards the ground and/or perform the same function as the "Channels" in Surti's patent, (3) whether the lower section of AeroFlaps infringe on the vertically extending limitation of Surti's patent. The vertical orientation in the lower section of mudflap design first stops and then traps water and debris and force them in downward direction towards the ground and not to rear or the side of the mudflap and (4) whether the AeroFlap's 45 degrees angled design infringe on Surti's patent under "doctrine of equivalent". The angular design first stops and then traps water and debris and force them in downward direction towards the ground and not to the side of the mudflap.

## STATEMENT OF JURISDICTION

This Court of Appeals has jurisdiction over this matter pursuant to 28 U.S.C. § 1295(a) (1) because the District Court's jurisdiction is based, in whole or in part, on 28 U.S.C. § 1338(a).

## ORAL ARGUMENT STATEMENT

Defendant Tarun N. Surti ("Surti") believes that this appeal does not require oral argument because the issues of fact and law are straightforward. However, if the panel determines that oral

argument would be beneficial, Surti will be prepared to provide it.

## REQUEST FOR RELIEF

WHEREFORE, Pro Se Defendant, Mr. Surti, hereby moves this Court to accept this Appeal and requests that this honorable Court to enter a summary judgment declaring that Plaintiff has directly infringed, contributorily infringed, and induced infringement of one or more claims of the '755 reissue Patent.

1. Finding that claim 1, 2, 5, 8, 9, and 13 of United States Patent No. RE 44,755 are literally infringed by Plaintiff's Aero-Flap brand mud flaps part nos. 033-08002, and 033-08004. (Exhibit A-C)

2. Finding that claim 1, 2, 5, 8, 9, and 13 of United States Patent No. RE 44,755 are infringed under the doctrine of equivalents by Plaintiff's Aero-Flap brand mud flaps part nos. 033-08001. (Exhibit A-C)

3. Issuing a permanent "Cease and Desist Order" against the Plaintiff, Fleet Engineers Inc.

4. Issuing a permanent "Cease and Desist Order" against makers, sellers, buyers, users, importers and exporters of Aero-Flap brand mud flaps.

5. Allow to proceed with triple damage calculations and all other damages entitled due to the malicious act of the Plaintiff's TEAM.

Respectfully submitted,

Dated: <u>March 25, 2021</u>     By:_____

Tarun N. Surti, Pro Se Defendants
President, Mudguard Technologies, LLC
5928 Westheimer Drive
Brentwood, TN 37027
Tel: (615) 812-6164
Email: vflaps@gmail.com