UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| FLEET ENGINEERS, INC., ) | |
| Plaintiff, ) | |
| ) | No. 1:12-cv-1143 |
| -v- ) | |
| ) | Honorable Paul L. Maloney |
| TARUN SURTI and ) | |
| MUDGUARD TECHNOLOGIES, LLC, ) | |
| Defendants. ) | |
| _____ ) | |

## ORDER RESOLVING PRETRIAL EVIDENTIARY MOTIONS

Currently pending are four pre-trial evidentiary motions. Plaintiff Fleet Engineers filed one motion. (ECF No. 337.) Defendant Surti filed the other three motions. (ECF Nos. 332, 354, and 358.)

1. Plaintiff's Motion in Limine (ECF No. 337)

Plaintiff filed this motion on August 25, 2021. Defendant has not filed any response. Plaintiff requests the Court "exclude any disparaging personal remarks at trial directed to the character or actions of Plaintiff, its witnesses, and its counsel." (PageID.3612.) In its brief in support, Plaintiff identifies a number of examples in the papers submitted to this Court during the lawsuit where Defendant accuses individuals associated with Plaintiff of lying, of perjury, of fraud, and of misconduct.

"A motion in limine is 'any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.'" *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). The Federal Rules of Evidence do not specifically contemplate the use of

motions in limine, however, their use has evolved under the federal courts' inherent authority to manage trials. *See Luce*, 469 U.S. at 41 n.4; *see also Figgins v. Advance America Cash Advance Ctrs. of Michigan, Inc.*, 482 F.Supp.2d 861, 865 (E.D. Mich. 2007) (explaining that such motions find some basis for authority under Fed. R. Evid. 103(c) which provides that jury proceedings should be conducted "so as to prevent inadmissible evidence from being suggested."). The decision to grant or deny a motion in limine is within a trial court's discretion. *See United States v. Humphries*, 608 F.3d 955, 957 (6th Cir. 2010) (reviewing a district court's grant of a motion in limine for an abuse of discretion); *see United States v. Vasilakos*, 508 F.3d 401, 406 (6th Cir. 2007) ("The Supreme Court has instructed us to review all evidentiary rulings, even those under the Federal Rules of Evidence, for abuse of discretion") (citing *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141-42 (1997)). Motions in limine are used to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Louzon*, 718 F.3d at 561 (citation omitted); *see Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997).

When viewed under these guidelines, Plaintiff's motion does not present an evidentiary question. Rather, the motion presents an "unremarkable legal proposition. . . . Parties may not engage in *ad hominem* exchanges that detract from the dignity of court proceedings." *R.D. v. Scohola, Inc.*, No. 3:16cv1056, 2019 WL 6134731, at *3 (M.D. Pa. Nov. 19, 2019). That said, some courts have granted motions in limine where the moving party asked the court to preclude the opposing party from making disparaging personal remarks at trial about the opposing party, about opposing counsel and about witnesses. *See Speedfit LLC v. Woodway USA, Inc.*, No. 13cv1276, 2020 WL 130423, at *7 (E.D.N.Y.

Jan. 9, 2020); *MF Global Holdings Ltd. v. PricewaterhouseCoopers LLP*, 232 F.Supp.3d 558, 570 (S.D.N.Y. 2017) ("With respect to the inflammatory language, courts often prohibit the use of certain 'pejorative terms when such categorizations wee inflammatory and unnecessary to prove a claim' and such statements 'do not bear on the issues being tried.'") (citation omitted); *Snead v. EOG Resources, Inc.*, No. 5:16cv1134, 2018 WL 1151137, at *1 (W.D. Tex. Feb. 16, 2018) ("The Court agrees with Plaintiff that characterizations of Plaintiff as greedy or undeserving are of no relevance and should be unfairly prejudicial.").

The Court would ordinarily be reluctant to grant this motion, assuming that the parties would approach trial with civility and appropriate decorum. The Court has, however taken into account Defendant's email response to Plaintiff when Plaintff sought the concurrence required by the Local Rules. *See* W.D. Mich. LCivR 7.1(d). Defendant did not simply decline, he indicated that were the Court to grant Plaintiff the relief sought, he would disobey the order. (ECF No. 338-1 PageID.3619.)

The Court **GRANTS** Plaintiff's motion. (ECF No. 337.) Defendant must not attack the integrity and honesty of individuals associated with Plaintiff. This Order does not preclude Plaintiff from presenting evidence relevant to his claims and defenses, including evidence that individuals have not been truthful where truthfulness is relevant to the claim or defense. Characterizations and accusations of a lack of honesty, without proof and without relevance to the claims in this lawsuit, will not be permitted.

2. Defendant Surti's Motion to Allow Presentation of Legal Opinions Quoted by the Courts, Plaintiff and Plaintiff's Experts (ECF No. 332)

Defendant wants to quote the "legal opinions made by this Court, The Federal Circuit Court, the Plaintiff and the Plaintiff's Experts." (PageID.3597.) Defendant asks that he be "allowed to present the undisputed facts based on the intrinsic evidence." (*Id.*) Plaintiff opposes the motion. (ECF No. 336.)

The Court **DENIES** Defendant's motion. (ECF No. 332.) First, Defendant may refer to the Final Pretrial Order to identify the undisputed facts. This lawsuit proceeds to trial because there remain disputed issues of fact. The parties submitted proposed pretrial orders and the Court issued the Final Pretrial Order which sets forth the disputed and the undisputed facts. (ECF No. 346.) Second, the jury instructions will establish the law that the jury must use to reach its verdict. And, the jury instructions will inform the jury that when the arguments about the law made by the parties contradicts the jury instructions, the jury should follow the jury instructions. To the extent Defendant believes the law as set forth in the jury instructions is erroneous because the instructions depart from a prior legal opinion issued in this lawsuit, that concern may be raised as an objection the jury instructions and then on appeal. Third, the witnesses at this trial will testify about facts and opinions, not the law. The documents Defendant would like to quote would not provide a basis for cross examination of those witnesses.

3. Defendant's Motion to Include T. Gerst as a Witness and Statement from Mold Maker and Molder (ECF No. 354) and Motion to Compel or for Sanctions (ECF No. 358)

In the first motion, Defendant asks the Court to add Gerst to the witness list for trial, explaining that he is the creator of "three parts in question." (PageID.3818.) Defendant also asks the Court to allow a sworn statement from the mold maker and the injection molder at trial. (*Id.*) Defendant also asks for

> a detailed report showing the following transactions on yearly basis from start till today.
> 1. Type of mud flaps manufactured by their part numbers
> 2. Size of each part number
> 3. Cost of each part number manufactured for Fleet
> 4. Total number of parts numbers manufactured and shipped
> 5. Total number of invoices submitted for each part manufactured and shipped

(PageID.3819.)

In the second motion, Defendant asks the Court to "compel discovery or for sanctions against Plaintiff[.]" (PageID.3859.) The information sought and the sanctions sought overlap with the motion about Gerst, the mold maker and the molder.

Plaintiff opposes both motions. (ECF No. 359.)

The Court **DENIES** Defendant's discovery motions. (ECF Nos. 354 and 358.) Plaintiff filed this lawsuit in 2012. The first case management order issued in January 2013. (ECF No. 13.) Discovery was supposed on end in 2014. (PageID.123.) It did not. The case management order was amended multiple times and discovery continued through August and September 2015. (ECF No. 121 PageID.972; ECF No. 133 PageID.1081.) Defendant filed motions to compel through July 2015. (ECF No. 162.) Discovery has been

closed, literally for years, and Defendant has not identified good cause to reopen discovery on the eve of trial. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Defendant indicates he sought some of this information in 2014 and 2015. (PageID.3861.) Defendant has not explained why he waited until now to bring the matter to the Court's attention. In addition, Defendant has not established a sufficient basis to amend the Final Pretrial Order. Rule 16 of the Federal Rules of Civil Procedure provides, in relevant part, that a Final Pretrial Order may be modified "only to prevent manifest injustice." Fed. R. Civ. P. 16(e).

The Court recognizes that Defendant is not an attorney and he is not trained in court rules and procedures. The United States Supreme Court and the Sixth Circuit Court of Appeals have instructed lower courts to enforce the procedural rules even against pro se litigants who are not familiar with them:

> we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. As we have noted before, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."

*McNeil v. United States*, 508 U.S. 106, 113 (1993) (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)). "[T]he lenient treatment generally accorded to pro se litigants has limits," *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996), and pro se parties must "follow the same rules of procedure that govern other litigants," *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). *See, e.g., In re Sharwell*, 129 F.3d 1265 (6th Cir. Oct. 30, 1997) (unpublished table opinion) ("While Sharwell was proceeding pro se and may not have fully

understood the rules of procedure, he was still required to comply with the rules; his pro se status does not exempt him from compliance.").

For these reasons, the Court **GRANTS** Plaintiff's motion in limine (ECF No. 337) and **DENIES** Defendant's motions (ECF Nos. 332, 354 and 358).  **IT IS SO ORDERED.**

Date:    September 29, 2021                                         /s/  Paul L. Maloney
                                                                                                                            Paul L. Maloney
                                                                                                                United States District Judge