UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| FLEET ENGINEERS, INC., ) | |
| Plaintiff, ) | |
| ) | No. 1:12-cv-1143 |
| -v- ) | |
| ) | Honorable Paul L. Maloney |
| TARUN SURTI and ) | |
| MUDGUARD TECHNOLOGIES ) | |
| Defendants. ) | |
| ) | |

## ORDER DENYING MOTION FOR CEASE AND DESIST ORDER

Defendant and Counter-Plaintiff Tarun Surti filed a motion for a cease-and-desist order. (ECF No. 371.) Because Surti has not met the requirements for injunctive relief, the Court will deny his motion.

In October 2012, Plaintiff and Counter-Defendant Fleet Engineers filed a complaint seeking a declaration of non-infringement, a declaration of invalidity and asserting a claim for tortious interference with business relations. Fleet later filed an amended complaint to account for a reissue patent. (ECF No. 99 Compl.) Surti, then represented by counsel, filed second-amended counterclaims. (ECF No. 115.) Surti asserted claims for patent infringement, breach of contract, and misappropriation of trade secrets. In his prayer for relief, Surti requested, among other things, a permanent injunction against Fleet against further acts of infringement of his reissue patent. (PageID.994.)

In October 2021, the Court held a trial on the patent infringement counterclaims, the only claims that remained in the lawsuit. The verdict form asked the jury to consider two sets of accused products, Group A and Group B. The jury found that the products in Group

A directly infringed Surti's patent and found that the product in Group B did not infringe Surti's patent. (ECF No. 370.) The jury declined to award lost profits and instead awarded damages based on 4% of the gross sales of the Group A products. The Court later issued an order establishing the amount of damages. (ECF No. 379.)

Following the verdict, Surti, now proceeding without counsel, filed a motion for a cease-and-desist order. (ECF No. 371.) This Court must liberally construe the pleadings and other filings of pro se parties. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). In his motion, Surti acknowledges that he may have made some errors because of his unfamiliarity with the law. (PageID.3948.) He then states that he "expect[s] the Court to ignore or correct" his errors. This expectation exceeds the liberal construction a court must allow for pro se parties. As Fleet observes in its response, Surti failed to follow several procedural requirements found in the Local Rules. And, Surti does not cite any legal authority. The Court ordered Fleet to file a response, which it did (ECF No. 376.) Fleet, not Surti, sets forth the legal requirements for a permanent injunction. In his reply brief, Surit does not dispute those requirements. Nor does he provide any evidence that he can meet those requirements.

Surti's request for a cease-and-desist order functionally asks the Court for a permanent injunction prohibiting Fleet from manufacturing, selling and using products that infringe his patent. The Patent Act permits a court to grant injunctive relief to prevent the violation of any right secured by a patent. 35 U.S.C. § 283. A claimant must establish four factors to obtain a permanent injunction: (1) the claimant has suffered an irreparable injury; (2) the remedies available at law, like monetary damages, are inadequate to compensate for

the injury; (3) the balance of the hardships between the claimant and the infringer weigh in favor of the injunction; and (4) the injunction would serve the public interest. *TEK Global, S.R.L. v. Sealant Sys. Int'l, Inc.*, 920 F.3d 777, 792 (Fed. Cir. 2019) (quoting *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)). A finding of infringement does not automatically entitle a patent holder to a permanent injunction. *See eBay*, 547 U.S. at 391-93 (rejecting the general rule that, in patent infringement cases, court will issue a permanent injunction against patent infringement absent extraordinary circumstances). "The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court[.]" *Id.* at 391.

Courts treat permanent injunctions as drastic and extraordinary remedies "which should not be granted as a matter of course" when a less drastic remedy will suffice. *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 735 F.3d 1352, 1359 (Fed. Cir. at 2013) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165-66 (2010)). "The purpose of an injunction is to prevent future violations[.]" *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953); *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., Ltd.*, 449 F. App'x 923, 932 (Fed. Cir. 2011) ("The purpose of a permanent injunction is to prevent future infringement rather than to compensate a patentee for past infringement or to punish an infringer for past infringement.") (citation omitted). Although courts frequently describe the first element in the past tense, "has suffered," because injunctive relief is designed to prevent future violations, for the first element courts do consider whether the claimant will suffer irreparable injury without the requested injunction. *See Bio-Rad Labs., Inc. v. 10X Genomics Inc.*, 967 F.3d 1353, 1377-78 (Fed.Cir. 2020) ("To prove irreparable injury, a patentee must show 'that

absent an injunction, it will suffer irreparable harm, . . . .") (quoting *Apple Inc. v. Samsung Elecs. Co.*, 695 F.3d 1370, 1374 (Fed. Cir. 2012)).

Surti has not put forth sufficient evidence to show that has suffered irreparable harm or that he will suffer irreparable harm without a permanent injunction. Surti did not address this element in his initial brief. That omission alone provides a sufficient basis for denying this motion. After Fleet outlined the elements necessary for a permanent injunction, Surti attempts to establish irreparable injury in his reply brief. (ECF No. 402 Surti Reply at 3 PageID.4564.) Surti does not support any of his assertions with evidence.

Although the Court need not consider Surti's late attempt to show irreparable harm, in an abundance of caution the Court addresses the arguments Surti advances for irreparable injury and for inadequate remedies. First, simply using the phrase "irreparable injury" does not suffice to establish an irreparable injury. Second, Surti's arguments about the burden on Mudguard do not establish that Surti suffered an irreparable injury. Fleet brought its third claim for tortious interference against Mudguard, a claim on which it has prevailed. Fleet did not bring patent claims against Mudguard. Third, Surti argues that he did not engage in tortious interference. This assertion does not establish irreparable harm. And, the Court granted Fleet's motion to dismiss the tortious interference claim against Surti. (ECF No. 255.) Litigation costs are not something a court can consider when determining irreparable injury for the purpose of a permanent injunction. *ActiveVideo Networks, Inc. v. Verizon Comm'ns, Inc.*, 694 F.3d 1312, 1337 (Fed. Cir. 2012). Fourth, Surti argues the Court erred in granting judgment to Fleet. This argument does not establish irreparable injury.

Turning to Surti's assertions about inadequate remedies, Surti argues that the 4% royalty is inadequate. The Court assumes Surti's reference to the lost profits calculation in the expert report is his attempt to show that the royalty rate awarded by the jury is inadequate. A difference between two the measures of damages—lost profits and royalties—does not establish that one or other is an inadequate remedy.  While Surti suffers injury from the sale of an infringing product, his injury is compensable through damages calculated either as lost profits or a reasonable royalty or some combination of the two.

Finally, the Court notes that Surti has neither argued nor established that Fleet continues to sell patent infringing mudflaps following the jury verdict.  While this Court cannot ignore the jury's conclusion that Fleet infringed Surti's patent through past sales of Group A products, that finding by itself does not warrant an injunction.

Because Surti has not established irreparable harm or that his remedies at law are inadequate, the Court can deny the motion for a cease-and-desist order without considering the other two factors.  See *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 809 F. App'x 965, 976 (Fed. Cir. 2020) ("Because we affirm the district court's conclusion on irreparable injury and adequacy of monetary damages, we need not reach the district court's conclusions on balance of harms and public interest.") (citing *Nichia Corp. v. Everlight Americas, Inc.*, 855 F.3d 1328, 1340 (Fed. Cir. 2017)).

For these reasons, the Court **DENIES** Surti's motion for a cease-and-desist order. (ECF No. 371.)  **IT IS SO ORDERED.**

Date:   June 17, 2022                                     /s/  Paul L. Maloney
                                                                                     Paul L. Maloney
                                                                                     United States District Judge